This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**KIEWIT NEW MEXICO CO., f/k/a
TWIN MOUNTAIN
CONSTRUCTION II COMPANY,**

Plaintiff-Appellant,

**v.**                                                    **No. 29,796**

**R. BURRELL DAY, d/b/a
R. BURRELL DAY LIMITED,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF UNION COUNTY
John M. Patersnoster, District Judge**

Jeffrey A. Dahl
Albuquerque, NM

for Appellant

Gary D. Alsup
Clayton, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Kiewit New Mexico Co. (Plaintiff) appeals from the denial of its request for an award of attorney fees. We issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has filed a memorandum in opposition and Defendant has filed a memorandum in support. After due consideration, we remain unpersuaded that the district court erred. We therefore affirm.

We review the district court's ruling for abuse of discretion. *See Aspen Landscaping, Inc. v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶ 21, 135 N.M. 607, 92 P.3d 53 ("A trial court's determination concerning an award of attorney fees is reviewed only for abuse of discretion."). "A trial court abuses its discretion when its decision is contrary to logic and reason." *Stansell v. NM Lottery*, 2009-NMCA-062, ¶ 14, 146 N.M. 417, 211 P.3d 214 (internal quotation marks omitted).

Plaintiff's claim is based on contract language specifying that in the event of litigation, the "prevailing party" is entitled to reasonable attorney fees and costs. [DS 2] In relatively complex cases such as this, involving numerous claims and counterclaims, the identity of the prevailing party, if any, is typically to be determined by evaluating the extent to which each of the parties prevailed on their various claims

and counterclaims. *See Aspen Landscaping*, 2004-NMCA-063, ¶ 24 (observing that where more complex litigation involving multiple claims and counterclaims is involved, the manner in which all of the claims by both sides were resolved is taken into consideration in order to evaluate which party, if any, should be designated the prevailing party).

To briefly summarize, the underlying litigation involved a dispute over a mineral lease. [DS 1] Plaintiff claimed that Defendant had breached the contract or was unjustly enriched. [DS 1] Defendant counterclaimed, asserting that Plaintiff had also breached the contract and/or had been unjustly enriched. [DS 1] The claims were sufficiently complex that a five-day trial ensued. [DS 2] Ultimately, the jury found in Plaintiff's favor with respect to its claims for breach of contract and/or unjust enrichment, and awarded approximately $45,500 to Plaintiff. [DS 2] The jury also found in Defendant's favor with respect to its counterclaim, and awarded approximately $36,500 to Defendant. [DS 2]

Accordingly, we are presented with a scenario in which Plaintiff prevailed on one claim, and Defendant prevailed on one counterclaim. Although Plaintiff recovered approximately $9,000 more than Defendant, the district court could reasonably have determined that the degree of success achieved by each party was

similar. Under such circumstances, we remain of the opinion that the district court did not abuse its discretion in determining that neither Plaintiff nor Defendant was the prevailing party. *See Hedicke v. Gunville*, 2003-NMCA-032, ¶ 28, 133 N.M. 335, 62 P.3d 1217 ("[I]f each party prevails on one claim and loses on one claim, the trial court could and may conclude that neither is ultimately a prevailing party[.]").

In its memorandum in opposition, we understand Plaintiff to contend that the district court abused its discretion by "arbitrarily" determining, "[i]n conclusory language," that neither party prevailed, without having determined "the relative status of the claims raised by each party and the disposition of such claims" below. [MIO 1-2] However, we are aware of no authority, and Plaintiff has cited none, to suggest that the district court was required to enter a comprehensive written explanation for its ruling. To the contrary, insofar as the court's determination was rendered on the parties' cross-motions, [RP 352] our rules suggest that no such requirement should apply. *See generally* Rule 1-052(A) NMRA (providing that findings and conclusions are unnecessary with respect to decisions on motions). Under the circumstances, we have no reason to believe that the district court failed to consider the manner in which the parties' claims were resolved or otherwise arrived at its decision arbitrarily. *See generally Robertson v. McGregor*, 2004-NMCA-056, ¶ 25, 135 N.M. 641, 92 P.3d

653 ("[W]e will not presume error.").  We therefore reject Plaintiff's uncharitable characterization of the district court's ruling below.

Plaintiff further argues that it should have been designated the prevailing party because it recovered the full amount that it sought on its only claim, whereas Defendant only recovered a portion of the total amount sought on one of two counterclaims advanced. [MIO 2-4] Thus, Plaintiff contends that it achieved a greater degree of success. [MIO 5]  However, this is not the only logical or reasonable view of the matter.  *See generally Mayeux v. Winder*, 2006-NMCA-028, ¶ 43, 139 N.M. 235, 131 P.3d 85(filed 2005).  ("[W]here a trial court must exercise discretion in deciding between two possible rulings, either of which would be reasonable, we will not reverse the court's decision.").  As we previously observed, it is equally accurate to characterize the ultimate disposition of the underlying matter as relatively balanced, insofar as both Plaintiff and Defendant prevailed on one claim against the other, and both Plaintiff and Defendant recovered relatively similar monetary awards.  The fact that Defendant did not prevail on all of his claims, or recover the total amount that Defendant sought, is not controlling. If Defendant had achieved such total success on his claims, the outcome of the litigation would arguably have been far less balanced than it is under the circumstances presented.

Plaintiff contends that this case should be analogized to *Hedicke*, and the district court's ruling reversed on that basis. [MIO 3] Once again, we disagree. In *Hedicke*, one party "came away . . . with nothing that they asked for in their complaint," while the other successfully defended against all of the claims against it and prevailed on both a counterclaim and a motion for restitution. 2003-NMCA-032, ¶ 30. In this case, by contrast, both parties came away with significant awards, and neither party successfully defended against all claims.

We are similarly unpersuaded that Plaintiff should be said to have prevailed on the "heart of the case," as occurred in *Mayeux*, 2006-NMCA-028, ¶ 44. On the record before us, we would have no basis for ascribing primacy to either Plaintiff's claim or Defendant's counterclaims.

For the foregoing reasons, we conclude that the district court's decision was not contrary to logic and reason, and accordingly, not an abuse of discretion. We therefore affirm.

**IT IS SO ORDERED.**

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

6



**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**


_____

**LINDA M. VANZI, Judge**